## In re Anonymous No. 19 D.B. 81

Disciplinary Board Docket no. 19 D.B. 81.

ECKELL, *Member,* June 14, 1989 — Pursuant to rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## HISTORY OF PROCEEDINGS

This matter arises out of petitioner's petition for reinstatement.

Pursuant to the provisions of section 214(c) of the Pennsylvania Rules of Disciplinary Enforcement, by order dated April 8, 1981, the Supreme Court of Pennsylvania suspended petitioner and directed that the matter be referred to the Disciplinary Board for the institution of formal proceedings. The order was based upon petitioner having been found guilty by a verdict entered by a jury on July 23, 1980 in the

U.S. District Court for the [ ] District of Pennsylvania, of the offenses of three counts of filing false income tax returns in violation of Title 26 U.S.C. §7206(1).

Upon consideration of the recommendation of the Disciplinary Board dated August 23, 1983, the Supreme Court issued its order dated September 23, 1983 that petitioner be suspended from the bar of the Commonwealth of Pennsylvania for a period to run concurrently with the sentence of three years probation imposed by the U.S. District Court for the [ ] District of Pennsylvania on August 26, 1982. Petitioner was further ordered to pay costs to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.

By his petition dated May 9, 1988, petitioner requested reinstatement. The matter was referred to Hearing Committee [ ] consisting of [ ] which conducted a hearing on August 9, 1988. The committee filed a report with the Disciplinary Board on March 31, 1988 recommending reinstatement. No exeptions to the committee's report and recommendation were filed by the Office of Disciplinary Counsel.

## FINDINGS OF FACT

(1) Petitioner is an attorney formerly admitted to practice in the Commonwealth of Pennsylvania. At the date of the hearing his address was [ ].

(2) The professional history and affiliations of petitioner are generally as follows: Admitted to the bar in 1954; worked with the [A] Commission 1959 to 1962; with the [B] Company, 1963 to 1973 and in private practice from 1972 to 1974. In 1975 petitioner applied for a position as Administrative Law Judge with the [A] Commission, which position he

held from 1976 to 1978. From 1978 until July 31, 1980 he held the position of commerce counsel with the [C] Corporation, [ · ].

(3) During the period petitioner was practicing in [ ] County, he served as chairman of the Board of Commissioners of [ ] Township and as assistant county solicitor generally in charge of transportation matters.

(4) Petitioner was indicted on April 9, 1980 on three counts of filing a false individual income tax return, Form 1040, for the years 1973, 1974 and 1975.

(5) On July 23, 1980, petitioner was found guilty by a federal jury in the U.S. District Court for the [ ] District of Pennsylvania, Judge [D] presiding.

(6) Petitioner was sentenced February 24, 1981 to a three-year probationary period, with a fine of $1,000 and a four-month participation in the work release program at the [ ] County Prison.

(7) On August 1, 1984, the Honorable [D] signed an order which terminated petitioner's period of probation and remitted the fine of $1,000. This was done upon request of petitioner's probation officer due to petitioner's serious medical condition. It was not initiated by petitioner.

(8) [C] Corporation, petitioner's employer at the time of his indictment, discharged petitioner effective July 31, 1980. Petitioner has not practiced law since that discharge and has worked only periodically between that time and the date of the conviction.

(9) Subsequent to his suspension, petitioner suffered from a severe physical illness which struck him in January 1984. Due to hardship, petitioner's wife, a housewife since 1954, was forced to take a job at a department store while petitioner was on Social Security disability from July 1985 to June 1988.

158

(10) In 1987, petitioner declared bankruptcy as a result of his illness coupled with the financial difficulties which he experienced due to his suspension.

(11) At petitioner's reinstatement hearing, petitioner appeared with counsel and presented 10 witnesses on his behalf. Friends, family and colleagues testified to petitioner's exemplary moral qualifications, integrity, excellent reputation in the community, competency, and learning in the law.

(12) Petitioner also presented evidence of his attendance at courses offered by the Pennsylvania Bar Institute. These courses were established pursuant to section 89.275(a)(15) and 89.279(a) of the Disciplinary Board rules. Attendance establishes that petitioner has met the minimum educational requirements for reinstatement following suspension in excess of one year. Petitioner further testified as to the nature of the courses which he attended, including estate planning; real estate liens; fundamentals of civil depositions; corporations and their importance after tax reform; franchises, dealerships and distributorships; unemployment compensation; residential real estate; and support cases. These documents form a part of petitioner's P2 (petitioner's reinstatement questionnaire and supplemental attachments thereto).

(13) Petitioner testified as to the factual background of his suspension and his subsequent activities. Petitioner testified that the incidents which led to his conviction and suspension occurred during a period of time when he was practicing for the first time as a private practitioner.

(14) The hearing committee found that petitioner is held in high esteem by members of his community, both personally and professionally.

(15) The hearing committee found that petitioner has demonstrated moral qualifications and moral fit-

ness compatible with the standards to be observed by a member of the bar of this commonwealth. Petitioner candidly discussed his personal life, the improprieties of which he was convicted, and the subsequent health difficulties which he encountered.

(16) The hearing committee found that petitioner has been rehabilitated, and that the resumption of practice by petitioner will be neither detrimental to the integrity and standing of the bar or the administration of justice, and will not be contrary to the public interest.

## DISCUSSION

Petitioner has the burden of demonstrating by clear and convincing evidence that he has both the moral qualifications and competency and learning in law required for admission to practice in the Commonwealth of Pennsylvania. Petitioner has the further burden of demonstrating that this resumption of the practice of law shall not be detrimental to the integrity and standing of the bar or the administration of justice nor subversive to the public interest. Rule 218(c)(3)(i).

### *Moral Qualifications*

From a reading of petitioner's testimony before the hearing committee, it can be concluded that petitioner is totally aware of and mortified by his guilty conduct. He has fully admitted to his wrongdoing and is genuinely sorry for the suffering and embarrassment it has caused his family and friends. Petitioner's own words are worthy of repetition here:

"I hope I was able to convince you today of my utmost regret for everything I have done and my sincerity. I am just asking you to give a 60-year-old man a chance. The eighties haven't been very good

to me. I am wondering if I will get through this decade alive. I would like to change the record, and I would like to leave my children a legacy of something better than what I have now."

Petitioner has an excellent reputation in the community. Ten witnesses which included family, friends, colleagues and petitioner's parish priest testified to petitioner's moral qualifications and integrity. Petitioner has an otherwise unblemished record and has never had anything to do with theft of client's funds. Petitioner did not practice law nor did he hold himself out to be a lawyer during the course of his suspension.

During the hearing, Disciplinary Counsel attempted to impeach petitioner's integrity by pointing out specific items petitioner omitted on his reinstatement questionnaire. Petitioner failed to list a civil suit in which he was involved with the attorney he originally hired as his criminal defense counsel. However, the judgment was discharged in bankruptcy. Petitioner also failed to include a copy of the docket entry of the bankruptcy case and an IRS lien. But, petitioner admitted to the bankruptcy and the IRS lien which both are a matter of public record. Petitioner needed to attach the indictment, docket entries, and report of probation officer concerning the conviction. Some of the papers were filed with the hearing committee directly and the committee gave petitioner 10 days in which to submit any other necessary papers. To the extent this represents an omission, it was one of form, not substance.

In the case of *In re Anonymous no. 60 D.B. 75*, 18 D.&C. 3d 640 (1981), the petitioner, who was convicted of a crime of receiving stolen property, omitted from his answer three civil actions of which he was party and failed to include certain income. The Dis-

ciplinary Board held that such omissions were either explained or were not relevant to the issue.

Likewise, the omissions or inaccuracies in petitioner's reinstatement questionnaire, as elicited by Disciplinary Counsel which were admitted by petitioner, were of little consequence to the substance of petitioner's reinstatement petition.

However, as stated *In re Anonymous no. 16 D.B. 80*, 20 D.&C. 3d 309, 317 (1981):

"It certainly should not be assumed that the board encourages or condones incomplete or inaccurate answers to questions appearing on the questionnaire attached to the application for reinstatement. At the same time, it certainly should not be assumed that every mistaken response or oversight in answering the questionnaire will automatically disqualify a formerly admitted attorney, from regaining the privilege of practicing law in this commonwealth."

The Disciplinary Board has found that petitioner possesses the requisite moral qualifications to be reinstated to the practice of law in the Pennsylvania Commonwealth.

### Competency and Learning in the Law

After his suspension, petitioner read law books in the [ · ] County and [    ] County law libraries, was on the Federal Department of Transportation mailing list and kept abreast of ongoing developments in the law by discussing issues with his daughter, who is an attorney. Petitioner also has successfully met the minimum educational requirements by completing eight courses through the Pennsylvania Bar Institute. For a description of the courses see finding of fact 12 of this report. Also, four attorneys who either knew or worked with petitioner testified before the committee, without exception, that petitioner was a skilled and able attorney.

In light of these facts, petitioner has proven, by clear and convincing evidence, that he has the competency and learning in the law required for reinstatement to practice law in this commonwealth.

## General Integrity

During the hearing, petitioner never waivered, in direct or cross-examination, from a very candid admission to this wrongdoing; and his conviction that he would never allow such error to reoccur. His testimony is supported by the fact that he perceives his illness (stomach cancer, which necessitated eight operations) as having been caused by his criminal indictment and conviction. He is motivated towards good behavior by the memory of how he suffered because of his past transgression and is completely dedicated to a reformed life.

Testimony of petitioner demonstrates his determination:

"I believe that my mind is sufficiently clear and my body is sufficiently strong (despite his illness), and my motivation and my initiative have returned. I will be capable of continuing the practice of law."

Furthermore, four attorneys testified that if petitioner was reinstated to practice law, it would not be detrimental to the integrity and standing of the bar or the administration of justice nor subversive to the public interest. The Disciplinary Board agrees.

## CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania finds and concludes as follows:

(1) Petitioner has the moral qualifications for readmission to the practice of law in the Commonwealth of Pennsylvania.

(2) Petitioner has the competency and learning in

the law required for readmission to the practice of law in the Commonwealth of Pennsylvania.

(3) Petitioner's resumption of the practice of law in the Commonwealth of Pennsylvania will not be detrimental to the integrity and standing of the bar or the administration of justice, nor will it be subversive of the public interest.

(4) Petitioner should be reinstated to the practice of law in the Commonwealth of Pennsylvania and should be admitted to the Bar of the Supreme Court of Pennsylvania.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [petitioner] to the practice of law in the Commonwealth of Pennsylvania be granted by your honorable court.

The board further recommends that, pursuant to rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of said petition for reinstatement.

## ORDER

And now, this August 2, 1989, upon consideration of the report and recommendations of the Disciplinary Board dated June 14, 1989, the petition for reinstatement is granted.

Pursuant to rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.